# Commonwealth *v.* Bonaskevich, Appellant.

*Criminal law—Pandering—Evidence.*

In' a prosecution for pandering, where there is evidence on the part of the Commonwealth which, if believed, would be sufficient to warrant a conviction, and the case was fairly and fully submitted to the jury, a verdict of guilty will be affirmed.

Argued December 4, 1919.   Appeal, No. 101, October Term, 1919, by defendant, from judgment of Q. S. Northampton County, Sept. T., 1916, No. 68, on verdict of guilty in the case of Commonwealth v. Sophie Bonaskevich.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Affirmed.

Indictment for pandering under the provisions of the Act of June 7, 1911, P. L. 698.   Before SHULL, P. J., Forty-third Judicial District, specially presiding.

The opinion of the Superior Court states the case.

Verdict of guilty upon which judgment of sentence was passed.   Defendant appealed.

*Errors assigned* were various rulings on evidence, answers to points and charge of court.

*James W. Fox,* and with him *Edward J. Fox,* for appellant.

*Frank P. McCluskey,* District Attorney, and with him *Robert E. James,* Assistant District Attorney, for appellee.

PER CURIAM, February 28, 1920:

The defendant was convicted under the Act of June 7, 1911, creating the offense of pandering.  The counsel of the appellant frankly admits that if the testimony of the chief of police and the defendant's victim was true,

the guilt of the defendant was well established.    The test of credibility was properly applied by the trial judge, and all facts were fairly, fully and adequately submitted to the jury.    The verdict returned was the only one that could be reasonably expected under the nauseous facts developed on the trial, and the action of the police authorities should be commended rather than censured.    In no other way can such pest places be eliminated.    There is no merit in the appeal and the judgment is affirmed.    The record is remitted, and it is ordered that the defendant appear in the court below at such time as she may be there called and be by that court committed until she has complied with that part of the sentence which had not been performed at the time this appeal was made a supersedeas.